**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

**DEVON M. BYRD,**

    Petitioner,

v.                                                                                                          Civil Action No. **3:19CV434**

**HAROLD W. CLARKE,**

    Respondent.

**MEMORANDUM OPINION**

Devon M. Byrd, a state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court of the City of Richmond, Virginia ("Circuit Court"). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Byrd has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 13) will be GRANTED.

**I. PROCEDURAL HISTORY**

Byrd was convicted of three counts of robbery and two counts of use of a firearm in the commission of a felony, and the Circuit Court sentenced him to an active sentence of twenty-three years of incarceration. (*See* ECF No. 14–1, at 1.)[1] Byrd noted an appeal. On July 25, 2013, the Court of Appeals of Virginia denied Byrd's appeal. (*See id.*) On January 16, 2014, the Supreme Court of Virginia refused Byrd's subsequent petition for appeal. (ECF No. 14–2, at 1.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to the parties' submissions.

On January 12, 2015, Byrd filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. (ECF No. 14–3, at 1.) On July 15, 2015, the Supreme Court of Virginia dismissed the petition. (ECF No. 14–4, at 1–13.)

On May 27, 2019, Byrd filed the instant § 2254 Petition.[2] In his § 2254 Petition, Byrd asserts the following claims for relief:[3]

Claim One: "Denied effective assistance during initial-review collateral; proceeding when state court failed to appoint petitioner an attorney." (ECF No. 1, at 15.)

Claim Two: "Petitioner argues that he was denied effective assistance of counsel during trial to such extent that he was deprived of his constitutional right under the 6th Amendment and the 14th Amendment." (*Id.* at 17.)[4]

Claim Three: Trial counsel "failed to conduct an adequate pre-trial investigation." (*Id.* at 19.)

Claim Four: "Denied the effective assistance of counsel because counsel failed to develop a defense." (*Id.* at 21.)

Claim Five: "Petitioner was denied ineffective assistance of appellate counsel." (*Id.* at 23.)

Claim Six: "Petitioner was denied effective assistance of counsel because attorney was ineffective during sentencing phase." (*Id.* at 24.)

---

[2] This is the date Byrd states that he placed his § 2254 Petition in the prison mailing system (*see* ECF No. 1, at 14), and the Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] The Court corrects the capitalization, spelling, and punctuation in the quotations from Byrd's submissions.

[4] In his § 2254 Petition, Byrd indicates to "See Attachments" for Grounds One, Two, and Three. (ECF No. 1, at 5–6, 8.) In the attachments, Byrd lists Ground One and Two, then appears to identify a subset of Ground Two, labeled as "Issue" 2 through 5. (*Id.* at 17–24.) Because Byrd's § 2254 Petition is untimely and the Court is barred from reviewing his claims no matter what they are, the Court simply delineates these "Issues" as separate claims.

## II. ANALYSIS

A.  **Statute of Limitations**

Respondent contends that the federal statute of limitations bars Byrd's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> **1.** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

B.  **Commencement and Running of the Statute of Limitations**

The Supreme Court of Virginia refused his petition for appeal on January 16, 2014. Byrd's conviction became final on Wednesday, April 16, 2014, when the time to petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup. Ct. R. 13.1; *Hill v. Braxton*,

277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))).

### C. Statutory Tolling

Byrd filed his state petition for writ of habeas corpus on January 12, 2015. At that point, 270 days of the limitation period had run. On July 5, 2015, the Supreme Court of Virginia dismissed the petition. Thus, the limitations period was tolled between January 12, and July 15, 2015, but began running again the following day, July 16, 2015. At that point, Byrd had 95 days remaining, or until, Monday, October 19, 2015, to file his federal habeas petition. Byrd filed his § 2254 Petition on May 27, 2019, more than three and a half years after the expiration of the one-year statute of limitations. Thus, the statute of limitations bars the § 2254 Petition unless Byrd demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. Neither Byrd nor the record suggests any plausible basis for belated commencement of the limitation period or equitable tolling.

### D. Byrd's Argument for Timeliness

Byrd suggests that his § 2254 Petition is timely because *Martinez v. Ryan*, 566 U.S. 1 (2012) allows him to bring an untimely § 2254 Petition. Byrd contends that because the Supreme Court of Virginia refused to appoint him counsel for his state habeas petition, his lack of timeliness should be excused. (*See, e.g.*, ECF No. 1, at 13, 16; ECF No. 17, at 3–4.) Byrd is incorrect. The Supreme Court in *Martinez* explained that ineffective assistance of counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. Byrd fails to suggest how *Martinez* entitles him to a belated commencement of the limitation period under § 2244(d) or entitles him to equitable tolling under

the pertinent analysis.  Moreover, *Martinez* has no applicability to cases barred by § 2244(d).  *See Lambrix v. Sec'y Fla. Dep't Corr.*, 756 F.3d 1246, 1262 (11th Cir. 2014); *Ward v. Clarke*, No. 3:14CV11–HEH, 2014 WL 5795691, at *3 (E.D. Va. Nov. 6, 2014) (citations omitted).

Because Byrd fails to demonstrate entitlement to equitable tolling or a belated commencement, the statute of limitations bars his § 2254 Petition.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 13) will be GRANTED.  Byrd's § 2254 Petition (ECF No. 1) will be DENIED.  A certificate of appealability will be DENIED.[5]  The action will be DISMISSED.

An appropriate Final Order shall issue.

Date: 31 March 2020
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge

---

[5] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Byrd fails to meet this standard.  Accordingly, a certificate of appealability will be DENIED.

5